IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN R. LILLEY, JR., | ) |
| **Plaintiff** | ) Case No. 1:21-cv-341 Erie |
| v. | ) |
| DANIEL BRABENDER JR. COURT LEAVE JUDGE, **Defendants** | ) SUSAN PARADISE BAXTER UNITED STATES DISTRICT JUDGE |

## MEMORANDUM OPINION

### I. Plaintiff's Motion for Leave to Proceed in forma pauperis

Plaintiff John Lilley filed a motion seeking leave to proceed in forma pauperis [ECF No. 1] along with a proposed original complaint on December 13, 2021. Based on Plaintiff's averments in the motion, it appears that he is without sufficient funds to pay the filing and administrative fees associated with this case. Accordingly, Plaintiff's motion for leave to proceed in forma pauperis will be granted.

### II. Standard of Review

Because Plaintiff is seeking redress "from a governmental entity or officer or employee of a governmental entity," his pleadings are subject to the screening provisions in 28 U.S.C. § 1915A. In pertinent part, § 1915A provides that a court "shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under

1

Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 587-89 (W.D. Pa. 2008).

### III. Discussion and Review of Plaintiff's Filings

Plaintiff, a pro se litigant, filed this action on December 13, 2021.[1] The only Defendant named in this action is the Honorable Daniel Brabender Jr. identified by Mr. Lilley as the "Court leave Judge." Mr. Lilley alleges:

> My claim is against Court leave Judge Daniel Brabender Jr. during the time of my probation from June 1, 2015 case to December 29, 2019. Malicious, frivolous, false claims Plaintiff negotiated police arrests.

ECF No. 1-1, page 3.

In the Relief section of the proposed complaint, Plaintiff states:

> Judge Daniel Brabender Jr. has always ignored me.
>
> Miranda rights
>
> No right to remain silent
>
> No rights of trial: rules of probation/parole
>
> No Federal Rules of Sentencing Guidelines Civil Rights
>
> No court leave demand $ civil rights.

*Id*. Furthermore, Plaintiff seeks $1,000,000,000,000,000 in monetary damages.

Because he is seeking monetary damages for an alleged violation of his constitutional rights, Plaintiff's claims arise pursuant to 42 U.S.C. § 1983. To state such a claim, Plaintiff must allege: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities

---

[1] Plaintiff is a prolific filer in this Court. Since May 2021, Plaintiff has initiated nine lawsuits in this federal district court.

secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011) (internal citation omitted).

"It is a well-settled principle of law that judges are generally immune from a suit for money damages." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000). Judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial officers are immune from damage suits arising out of their official duties. *Stump v. Sparkman*, 435 U.S. 349 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." *Id.* at 356. *See also Seigert v. Gilley*, 500 U.S. 226, 231 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."); *In Re Montgomery County*, 215 F.3d 367, 373 (3d Cir. 2000) ("Absolute immunity creates not only protection from liability, but also a right not to stand trial.").

Judicial immunity can only be overcome if the judge's actions are "nonjudicial in nature, or where such actions, while judicial in nature, are taken in the complete absence of all jurisdiction." *VanTassel v. Lawrence County Domestic Relations Section*, 659 F.Supp.2d 672, 695 (W.D. Pa. 2009). Mr. Lilley's allegations expressly concern actions taken by Judge Brabender while presiding over probation proceedings in the Erie County Court of Common Pleas, and each of the alleged actions is a fundamental judicial act that falls squarely within the jurisdiction of a Pennsylvania common pleas judge. *See, e.g.*, 42 Pa. Cons. Stat. § 931(a) ("the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas"); *Muhammad v. Cappellini*, 2013 WL 1249029, at *3 (M.D. Pa. 2013) (judicial

acts include issuing orders, making rulings, and conducting hearings). Accordingly, Mr. Lilley cannot state a claim against this Defendant.

Generally, if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103 (32d Cir. 2002). However, the court "need not provide endless opportunities for amendment, especially where such opportunity already has been enjoyed." *Baker v. Moon Area Sch. Dist.*, 2018 WL 40571719, at *8 (W.D. Pa. Aug. 27, 2018) *quoting Taylor v. Pilewski*, 2008 WL 4861446, at *3 (W.D. Pa. Nov. 7, 2008). Because the undersigned concludes, as a matter of law, that Plaintiff cannot establish a constitutional or statutory violation based on the facts alleged in the proposed complaint against this Defendant, leave to amend is futile.

An appropriate Order follows this Memorandum Opinion.